**UNITED STATES of America**

v.

**Travis Gilbert BURKE, Defendant.**

**No. 69 Cr. 447.**

United States District Court,
S. D. New York.

Sept. 3, 1974.

Paul J. Curran, U. S. Atty., S.D.N.Y., New York City, for the United States; Richard J. Hoskins, Asst. U. S. Atty., of counsel.

Travis Gilbert Burke, pro se.

METZNER, District Judge:

Defendant moves to dismiss an indictment filed in 1969 charging him with bank robbery.

As the result of a psychiatric examination and a court hearing, defendant was committed to the Federal Medical Center in Springfield, Missouri, in 1969 as mentally incompetent to stand trial. 18 U.S.C. § 4246. In 1970 defendant was returned to this court for trial. However, further psychiatric examination and waiver of a hearing by defense counsel resulted in another finding of incompetency to stand trial and defendant was returned to Springfield.

The authorities at Springfield again saw fit in June 1971 to return defendant to stand trial. Because of the joint application by the government and defendant's assigned counsel, another psychiatric examination was ordered and the matter set down for a hearing. After completion of the hearing this court made the necessary findings and entered an order on June 29, 1971, this time pursuant to 18 U.S.C. § 4248.

Under that order arrangements were made to transfer defendant to the Longview State Hospital in Ohio. Defendant promptly escaped and committed another bank robbery here in New York for which he was sentenced on February 28, 1974 by the New York State Supreme Court to four years' imprisonment. While incarcerated on this conviction, he was sent to Matteawan State Hospital after a finding that he was seriously mentally ill. On May 14, 1974, the psychiatrist at Matteawan informed the United States Attorney that defendant was mentally incompetent, and repeated the finding on July 22. Defendant contends "that there is no guarantee that he will ever be fit for trial."

Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), upon

which defendant places great reliance, was a case where the defendant was committed to a state institution until he be found competent to stand trial. There was every indication that this event would never occur in the defendant's lifetime. His counsel argued that defendant faced life imprisonment. The Court remanded the matter to the state court for a hearing as to whether the defendant would be competent to stand trial "in the foreseeable future," and if not, the defendant was to be released and be subject to civil commitment. The question as to whether the indictment should be dismissed was left open.

Obviously the *Jackson* case is not applicable here. Defendant is incarcerated under a sentence entered on a judgment of conviction. The time spent in Matteawan is credited to that sentence. This, however, does not answer the problem inherent in this case.

While defendant is not entitled to a dismissal of the indictment on the grounds presented, he is entitled to a speedy trial as guaranteed by the Sixth Amendment. He has spent some three years in federal custody awaiting a determination that he is competent to stand trial. However, he seemed competent enough to escape, come to New York and commit another bank robbery. He was found competent to stand trial on that charge, although he does not seem to be competent since his imprisonment. The fact that he is incarcerated on a state charge does not relieve the government of its duty to proceed to trial on this indictment. It risks dismissal of the indictment if it fails to proceed. The only excuse for such failure is the finding of present incompetence.

Consequently, under the facts of this case, the government is directed to proceed to trial within six months in default of which defendant may renew this motion. In the latter event, a hearing may be held to determine defendant's competence to stand trial, and what procedures should be followed if a trial is not reasonably foreseeable.

Motion denied.

So ordered.